John W. Park, Esq. County Attorney, Ontario County
You have asked whether the Genesee/Finger Lakes Regional Planning Council (Council) may establish a revolving loan fund with Federal and local funds in order to participate in economic development programs under the Federal Public Works and Economic Development Act.
The Council is a regional planning board composed of representatives of eight counties and other municipalities located within the area. Section239-b of the General Municipal Law authorizes the board of supervisors of a county to collaborate with the governing boards of other municipalities to establish a regional planning board. Regional planning boards are empowered to do regional planning including but not limited to surveys, land use studies, urban renewal plans, technical services and comprehensive master plans for the development of the entire area (General Municipal Law, § 239-d).
You have indicated that the Council would like to participate in the revolving loan program under the Public Works and Economic Development Act (PL 89-136 as amended by PL 94-487, 42 USCA §§ 3121, et seq.). In 1965 Congress enacted that Act to promote economic planning and development (42 USCA § 3121). In particular, Congress sought to aid areas plagued by unemployment and economic deterioration (ibid.). Under the Act, the Economic Development Administration, which has responsibility for implementing the Act, is authorized to extend financial assistance to eligible areas. The Administration has designated the Council as an "economic development district". An economic development district has the responsibility of implementing an economic development program in a particular area (42 USCA § 3171). As part of its responsibility, the Council would like to establish a revolving loan fund, financed by Federal and local funds, to provide loans to eligible applicants. The Public Works and Economic Development Act authorizes the grant of Federal loans to capitalize revolving loan funds. The local revolving loan fund is utilized to provide loans for eligible applicants for projects that meet Federal guidelines (see 42 USCA §§ 3141-3144,3153, 3171).
We are of the opinion that the Council may establish a revolving loan fund in order to participate in economic development programs under the Public Works and Economic Development Act.
Section 239-d (9) of the General Municipal Law authorizes a regional planning board to apply for and accept grants from the Federal government to further regional planning and development. The regional planning board may agree to accept the grant in accordance with reasonable conditions and requirements imposed by the Federal government (ibid.). We are of the opinion that section 239-d (9) provides sufficient authority for the Council to apply for and accept a Federal loan to capitalize a revolving loan fund.
You have also asked whether the Council may use local funds to establish the revolving loan fund. Section 99-h of the General Municipal Law authorizes municipalities to apply for and accept Federal funds in order to participate with the Federal government in programs relating to the general welfare of the inhabitants of the municipality. Section 99-h further authorizes municipalities to appropriate and expend such sums as are required to participate in such programs. The Executive Director of the Council has indicated that local authorities must contribute local funds in order to obtain a Federal loan. Section 99-h(2) authorizes municipalities to contribute local funds where the program relates to the general welfare of the inhabitants of the municipality. Section 239-d (3) of the General Municipal Law provides that regional planning and development constitute a valid municipal purpose. Section 239-f
of the General Municipal Law expressly authorizes the board of supervisors of a county that is a member of a regional planning board, to expend local funds for activities that aid the general welfare and development of the county.* (See also Local Finance Law, § 11 (73); General Municipal Law, §§ 119-h, 119-o, 119-oo.)
We, therefore, conclude that the governing boards of the municipalities that are members of the Council are authorized to appropriate funds to the Council for a revolving loan fund which will be administered by the Council pursuant to the Public Works and Economic Development Act. We further conclude that the Council is authorized to use such funds for its revolving loan fund program.
You have also asked whether it is necessary or permissible for the Council to establish a not-for-profit corporation to administer the revolving loan fund.
Section 1411 of the Not-For-Profit Corporation Law (N-PCL) provides that "any one or more counties, cities, towns or villages of the state, or any combination thereof * * * may cause [a not-for-profit local development corporation] to be incorporated by public officers or private individuals." Therefore, the Council may not itself establish a corporation. Rather, "public officers or private individuals" must establish the not-for-profit local development corporation.
A not-for-profit local development corporation must be operated exclusively for the purpose of:
 "relieving and reducing unemployment, promoting and providing for additional and maximum employment, bettering and maintaining job opportunities, instructing or training individuals to improve or develop their capabilities for such jobs, carrying on scientific research for the purpose of aiding a community or geographical area by attracting new industry to the community or area or by encouraging the development of, or retention of, an industry in the community or area * * *" (§ 1411).
As long as the revolving loan fund is used exclusively to achieve these objectives, officers of the participating municipalities or private individuals involved with the Council may establish a not-for-profit local development corporation to administer a revolving loan fund. However, all the requirements of section 1411 must be met.
Although a not-for-profit local development corporation may be established, we have found no provisions of State law that require the Council to incorporate in order to administer a revolving loan fund.*
We conclude that the Council has authority to establish a revolving loan fund with Federal and local funds in order to participate in economic development programs under the Public Works and Economic Development Act. The Council is not required by State law to create a subsidiary corporation to administer the revolving loan fund. However, public officers of participating municipalities or private individuals involved with the Council may establish a not-for-profit local development corporation to administer the revolving loan fund.
* As long as the revolving loan fund furthers a legitimate public purpose and only incidentally benefits private individuals, it will not run afoul of the gifts and loan provisions of the New York State Constitution (NYS Const, Art VIII, §§ 1 and 2; see, e.g., Hotel DorsetCo. v Trust for Cultural Resources, 46 N.Y.2d 358 [1978]).
* We do not address the issue of whether the Council must incorporate to meet Federal guidelines.